UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| IN THE MATTER OF INGRAM BARGE COMPANY LLC AS OWNER AND OPERATOR OF TOWBOAT FRANK JOHNSON AND BARGE ING5745, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 5:23CV-81-BJB<br><br>IN ADMIRALTY |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of Ingram Barge Company LLC (hereinafter "Limitation Plaintiff"), as owner and operator of the towboat FRANK JOHNSON and the barge ING5745 (sometimes referred to herein as the "Vessels"), in a civil and maritime cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims.

2.

Venue is proper under Rule F(9) because the Vessels are within this district.

3.

At all times hereinafter mentioned, Limitation Plaintiff was the owner and operator of towboat FRANK JOHNSON and the barge ING5745.

4.

Limitation Plaintiff, Ingram Barge Company LLC, is a Tennessee limited liability company authorized to do business in the Commonwealth of Kentucky, and with its principal place of business in Nashville, Davidson County, Tennessee.

5.

FRANK JOHNSON is a towboat vessel bearing official number 298198 built in 1965. At the time of the Alleged Incident (as defined below), her principal dimensions were 180.1 feet in length and 50 feet in breadth.

6.

Barge ING5745 is a rake barge bearing official number 989130 built in 1992. At the time of the Alleged Incident, her principal dimensions were 200 feet in length and 35 feet in breadth. At the time of the Alleged Incident, she was empty.

7.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the Vessels as seaworthy in all respects; and at all times hereinafter described, the Vessels were, in fact, tight, staunch, strong, and fully and properly equipped, and FRANK JOHNSON was manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel and appliances, and the Vessels were in all respects seaworthy and fit and proper for the service in which they were engaged.

8.

On May 27, 2023, the FRANK JOHNSON began its voyage from Darrow, Louisiana to Columbus, Kentucky pushing thirty-five barges ahead (the "Voyage"). The ING5745 was on the outside of the tow in the starboard forward corner.

9.

On May 28, 2023, at approximately 2030 local time, while underway on the Lower Mississippi River northbound around mile 269, the Captain of the FRANK JOHNSON spotted a downbound recreational boat approaching from upriver at a high rate of speed. The recreational boat cut across the head of the FRANK JOHNSON's tow heading toward the left descending bank. The recreational boat then appeared along the starboard side of the tow and drifted down the starboard side before proceeding to drift downriver (the "Alleged Incident").

10.

After seeing the recreational boat pass his vessel, the Captain of the FRANK JOHNSON reported to the U.S. Coast Guard that a recreational boat had crossed his bow and passed down his tow and that it appeared empty.

11.

Upon information and belief, the recreational boat that is believed to have passed the FRANK JOHNSON was found downriver at approximately mile 264. Anthony Bain was found in the recreational boat.

12.

Upon information and belief, Rachel Hann was a passenger in the recreational boat with Anthony Bain. She was not in the recreational boat when it was found on May 28, 2023. Rachel Hann's body was found on June 1, 2023, on Fancy Point Towhead, an island in the Lower Mississippi River at mile 258.

13.

The Alleged Incident was not caused by or contributed to by Limitation Plaintiff, the towboat FRANK JOHNSON, her crew, or the barge ING5745. At all relevant times, the Vessels

proceeded within reasonable limits of speed, sea state, and weather prior to and at the time of the Alleged Incident and during the Voyage.

14.

This Limitation Petition is filed timely under Rule F(1) because it was filed within six months of the May 28, 2023, Alleged Incident.

15.

Any and all injury, loss, destruction and damage arising out of or related to the above-described operation was not caused or contributed to by any fault, negligence or lack of due care on the part of the Limitation Plaintiff or the Vessels, or any person in charge of the Vessels, or any person for whom Limitation Plaintiff was or is responsible.

16.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessels in connection with the Alleged Incident and the Voyage made the subject of this Complaint.

17.

The Alleged Incident, the Voyage, any physical damage, injuries, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiff, the Vessels, or any person for whom or which Limitation Plaintiff was or might be responsible and/or even if so, which is denied, were the result of an act or omission for which Limitation Plaintiff is entitled to exoneration and/or limitation.

18.

The Alleged Incident, the Voyage, any physical damage, injuries, contingent losses and all other losses, damages, expenses and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Plaintiff.

19.

Limitation Plaintiff has a reasonable basis upon which to believe it is possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

20.

The value of the Limitation Plaintiff's interest in the Vessels at the time of the Alleged Incident and during the Voyage was $13,650,000.00, with pending freight of $0. Accordingly, the total value of Limitation Plaintiff's interest in the Vessels and their pending freight is $13,650,000.00.

21.

In connection with this Limitation Complaint, Limitation Plaintiff submits security reflecting its interest in the Vessels, and their engines, gear, tackle, *etc*. and pending freight. Limitation Plaintiff claims entitlement to a credit for any sums previously paid or incurred with respect to the Alleged Incident and the Voyage.

22.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessels and their pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as

provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the general maritime law, and by the rules and practices of this Honorable Court.

23.

Limitation Plaintiff claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforesaid Alleged Incident, the Voyage, and for any and all claims therefor.  Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law.  Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §§ 30501, *et seq*., and the various statutes supplemental thereto and amendatory thereof, and to that end Limitation Plaintiff deposits security for the benefit of potential claimants with this Honorable Court.

24.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiff prays that:

1.    This Court issue an Order accepting due appraisement of the amount or value of Limitation Plaintiff's interest in the towboat FRANK JOHNSON, and her engines, gear, tackle, and freight and the barge ING5745 and her freight, for the voyage in question;

2.    This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the

right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3.      This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the barge ING5745 or the towboat FRANK JOHNSON, her officers and crew, or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid Alleged Incident or Voyage;

4.      This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Alleged Incident, the Voyage, or for any claim therefor in any way arising out of or resulting from the aforesaid Alleged Incident or Voyage;

5.      The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Alleged Incident, the Voyage, or for any claim whatsoever in any way arising from or in consequence of the aforesaid Alleged Incident, the Voyage, or, if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessels and their pending freight, as aforesaid, at the end of the Voyage on which they were engaged at the time of the Alleged

Incident, and that Limitation Plaintiff and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

6.    Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

RESPECTULLY SUBMITTED, this 3rd day of June 2023

Whitlow, Roberts, Houston & Straub, PLLC

*/s/ Matthew S. Eddy*

C. Thomas Miller
Matthew S. Eddy
300 Broadway
P.O. Box 995
Paducah, KY 42002-0995
(270) 443-4516
(270) 442-8247 fax
tmiller@whitlow-law.com
meddy@whitlow-law.com

David L. Reisman, T.A. (LA Bar #21833)
Raymond T. Waid (LA Bar #31351)
Jessie E. Shifalo (LA Bar # 40510)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
dreisman@liskow.com
rwaid@liskow.com
jshifalo@liskow.com
*Pro Hac Vice forthcoming*

***Attorneys for Ingram Barge Company LLC***

## **DECLARATION**

I, Andrew Brown, a person of the full age of majority and a resident of Williamson County, Tennessee, declare and state pursuant to 28 U.S.C. § 1746, upon personal knowledge:

I.

I am the Senior Vice President and General Counsel of Ingram Barge Company LLC;

II.

I am authorized to make this declaration and to file the foregoing Complaint in Limitation on behalf of Limitation Plaintiff;

III.

I have read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information, knowledge, and belief, and

IV.

That the source of my knowledge and the grounds for my belief being information obtained from investigation by me and my representatives.

V.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 3rd day of June 2023.

_____
Andrew R. Brown
Senior Vice President and General Counsel
Ingram Barge Company LLC